UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4076

YUJI HITOMI,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Charles E. Simons, Jr., Senior District Judge.
(CR-93-356)

Submitted: June 30, 1998

Decided: August 11, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Erbeck, ERBECK & ASSOCIATES, LTD., Las Vegas,
Nevada, for Appellant. J. Rene Josey, United States Attorney, Dean
A. Eichelberger, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Yuji Hitomi appeals his conviction and sentence for wire fraud in violation of 18 U.S.C. § 1343 (1994), and conspiracy in violation of 18 U.S.C. § 371 (1994). Finding no error, we affirm Appellant's conviction and sentence.

I.

The Government's evidence at trial showed that Hitomi and co-defendant Douglas T. Wright ("Defendants"), along with co-conspirator Motokichi Muto, attempted to obtain millions of dollars in financing using a fraudulent Japanese reconstruction bond ("Certificate"). Defendants represented that the Certificate had been issued by the ministry of finance of Japan as part of its reconstruction efforts after World War II. The Certificate, if real, would have had a value of approximately $500 million when it matured in 1998.

The FBI began investigating Defendants in July 1993. Wright and an FBI informant conducted a series of transactions between July and September 1993, which eventually culminated in Wright, Hitomi, and Muto flying to South Carolina to consummate the sale of the Certificate. Undercover FBI agents posing as investors met with Hitomi, Wright, and Muto in a hotel room. The agents brought with them contract documentation, including a purchase and sale agreement. Both Defendants signed the agreement. No attorneys were present at the meeting, nor did the Defendants at any time request that they be allowed to have attorneys look over the documents.

During the negotiating session, the agents told Defendants that they had checked with a bank that morning and been advised that the Certificate was fraudulent, and that no bank should accept it as collateral. One of the agents then said that he would try to obtain financing from

a small bank that might not be aware of the problem with the certificate, and Defendants acquiesced. Hitomi agreed to accept $25 million for the Certificate, just five percent of the certificate's face value of $500 million. After finalizing the agreement, Defendants were arrested.

Over the objection of Defendants, the district court gave a willful blindness charge to the jury. That charge stated in pertinent part:

> If you find beyond a reasonable doubt that these defendants were aware of a high probability that the Japanese bond was fraudulent, and that they deliberately avoided learning the truth, the element of knowledge may be inferred if defendants Hitomi and Wright deliberately closed their eyes to what would otherwise have been obvious to them or any reasonable person under the circumstances then and there existing. You may not find that the defendants Hitomi and Wright acted knowingly, however, if you find that the defendants, Hitomi and Wright, actually believed in good faith that the bond in question was not fraudulent. A showing of negligence, mistake or carelessness is not sufficient to support a finding of knowledge.

At sentencing, Defendants argued that their total offense level should be reduced by three levels under U.S. Sentencing Guidelines Manual § 2X1.1 (1995), on the ground that the offense was only partially completed. The district court rejected this argument, finding that Defendants had done all of the acts they believed necessary for the successful completion of the offense, and thus that a three level reduction under § 2X1.1 was not warranted. Hitomi timely appealed.[1]

On appeal, Hitomi contends that the evidence was insufficient to support his conviction, and that he received ineffective assistance of trial counsel. Hitomi also contends that the district court should have reduced his offense level under USSG § 2X1.1, that the district court erred in giving a willful blindness jury instruction, and that the district court should have given additional jury instructions regarding the

_____

[1] We previously affirmed Wright's conviction and sentence. See United States v. Wright, No. 97-4197 (4th Cir. May 12, 1998) (unpublished).

credibility of one of the witnesses and defining the term "non-negotiable."

II.

Hitomi contends that the evidence showed nothing more than that he was a bystander while Wright attempted to negotiate with the Certificate, and that the evidence failed to prove he knew the Certificate was fraudulent. However, Hitomi himself referred a potential buyer to Wright to begin negotiations with the Certificate. Hitomi went to South Carolina along with Wright and Muto to negotiate the Certificate as collateral for a loan, and was present during the negotiations. Hitomi agreed to the FBI agents' suggestion that they obtain financing from a small bank which would be unaware of any problems with the Certificate, after agents told him that the Certificate was fraudulent and should not be used as collateral. Hitomi himself signed the loan agreement as Muto's representative.

Further, Hitomi, in a transaction in which Wright did not participate, was told by another potential investor prior to the South Carolina negotiations that the Certificate was fraudulent. Hitomi responded that he did not care if the Certificate was good or not, he had another interested party. Hitomi and Wright had also been told by yet another potential investor that the Certificate had never been issued by the Japanese Ministry of Finance. The evidence was sufficient to show Hitomi's direct involvement at all stages of the negotiations, and was sufficient to show that Hitomi had ample notice of the fraudulent nature of the Certificate. Thus, the evidence was sufficient to support his conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Ellis, 121 F.3d 908, 921-22 (4th Cir. 1997), cert. denied, ___ U.S. #6D6D 6D#, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095).

III.

The record before the court does not conclusively show that Hitomi received ineffective assistance of counsel. Thus, we decline to consider this claim on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992).

4

IV.

At sentencing, Hitomi requested that his offense level be reduced by three levels under USSG § 2X1.1, incorporated into USSG § 2F1.1 by comment. (n.9). That section provides for a three level reduction when an offense involves an attempt, unless "the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense."

The district court determined that Defendants had completed all the acts they believed necessary for the successful completion of the underlying fraud, and thus that the three level reduction under § 2X1.1 was not warranted. The district court's determination that Defendants had done all of the acts they believed necessary for the completion of the fraud is a factual one, which this court reviews for clear error. See United States v. Barton, 32 F.3d 61, 64 (4th Cir. 1994); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Hitomi, Wright, and Muto came to South Carolina following negotiations between Wright and a potential buyer, bringing with them the original Certificate. After negotiating with undercover FBI agents, Defendants agreed to accept $25 million for the Certificate, signed the purchase and sale agreement, and were prepared to deliver the Certificate to the undercover agents. The district court did not clearly err in finding that Defendants had done all they believed necessary to complete the underlying fraud, and in refusing to apply the reduction under § 2X1.1. See Barton, 32 F.3d at 64; see also United States v. Studevent, 116 F.3d 1559, 1564 (D.C. Cir. 1997).

V.

This court reviews the decision of whether or not to give a particular jury instruction for abuse of discretion. See United States v. Whittington, 26 F.3d 456, 462 (4th Cir. 1994). In this case, there was sufficient evidence from which the jury could infer that Wright deliberately avoided learning that the Certificate was fraudulent; thus, the district court did not abuse its discretion by giving a willful blindness jury instruction.

5

Hitomi learned from potential buyers that the Certificate was fraudulent and should not be used as collateral, that the Certificate had never been issued by the Japanese Ministry of Finance, and that Swiss lenders had refused to validate the Certificate. Hitomi signed the purchase and sale agreement prepared by the undercover agents, which stated that he had made every effort, including verification with the Japanese government, to ensure the Certificate was authentic. However, Hitomi did not attempt to verify the authenticity of the Certificate. Thus, there was sufficient evidence from which a jury could infer that if Wright did not know the certificate was fraudulent, he deliberately shut his eyes to that fact. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3794 (U.S. May 28, 1996) (No. 95-8821); Whittington, 26 F.3d at 462-63. The form of the instruction was likewise proper. See United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997).

We also find that the district court did not commit plain error by failing to instruct the jury regarding a witness's testimony, and in not defining the term "non-negotiable." See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hester , 880 F.2d 799, 803-04 (4th Cir. 1989).

Accordingly, we affirm Hitomi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED